## John N. Davenport v. L. M. Davenport.

1. MASTER—*Weight to be Given to His Report Where the Evidence is Conflicting.*—The master's report is to be treated like the verdict of a jury, where the evidence is conflicting.

Bill to Settle Partnership, and for an accounting. Appeal from the Circuit Court of Macoupin County; the Hon. ROBERT B. SHIRLEY, Judge presiding. Heard in this court at the November term, 1902. Affirmed. Opinion filed April 30, 1903.

WALKER & SEARCY, attorneys for appellant.

BELL & BURTON, attorneys for appellee.

MR. PRESIDING JUSTICE WRIGHT delivered the opinion of the court.

This was a bill in equity by the appellee against appellant to settle an alleged partnership in the saloon and tobacco business. Answer was filed denying the partnership, and the cause was referred to the master in chancery to take the evidence and report his conclusions of law and fact, which having been done, the master found there was a partnership, and that there was due from the appellant to the firm $1,294.25, and after overruling appellant's exceptions the court approved the report and gave its decree against appellant for $647.13 and costs, to reverse which he brings this appeal, and insists the decree is not warranted by the evidence, for the reason, first, there was in fact no partnership, and second, the amount of the decree is excessive.

The evidence on all material questions was conflicting,

and upon examination we are of the opinion it sustains the master's report, which is to be treated like the verdict of a jury in cases of conflicting evidence. It might be, had the findings been the other way it could also be sustained, the rule being that if the evidence of either side standing alone in the record would sustain the decree, when the evidence is conflicting, it will not be disturbed for the sole reason that it was not supported by the evidence.

It is further complained there was no warrant from the evidence for the adoption, as was done, of an average of $30 per day for 180 days as a charge against appellant. Inasmuch as the exact amount could not be ascertained from such books of account as were kept of the business, we think the evidence warranted and sustained the amount ascertained by the method that was adopted. It does no injustice to appellant. The decree will be affirmed.